## JONATHAN MILES v. JAMES SPRAGUE.

(No. 2251.)

APPEAL from Tom Green County. Opinion by WILL-SON, J.

*(Transferred from Austin.)*

W. H. LESSING and MAYS & TIMMINS, counsel for appellant.

No counsel appeared for appellee.

§ **199.** *Distress warrant; citation must be issued simultaneously with; case stated.* Appellant sued appellee for rent and advances, and sued out a distress warrant which was levied upon appellee's crop. Four days after the issuance of the distress warrant, the justice of the peace who issued it issued a citation for appellee to appear at the next term of the county court and answer in said proceeding. Appellee appeared at said term of the county court and moved to quash the distress proceedings because the citation was not issued at the same time the distress warrant was issued. He also pleaded a counterclaim, and pleaded in reconvention for damages for the alleged wrongful and malicious suing out and levy of the distress warrant. The motion to quash the distress proceeding was sustained, and a trial upon the merits of the case resulted in a verdict and judgment for appellee for $260.72. *Held*, there was no error in quashing the distress proceeding. Said proceeding was a nullity because citation was not issued contemporaneously with the warrant. [2 W. Con. Rep. § 353.]

§ **200.** *Damages for wrongful issuance of distress warrant, not recoverable when.* The defect above mentioned in the distress proceeding was not the fault of appellant, but was the fault of the justice of the peace. It cannot be held that appellant is liable in damages for such defect. The warrant was not *illegally* and *unjustly* issued in the sense that would make appellant responsible

therefor. In all other respects the distress proceeding was legal, valid, and apparently just. There is no evidence in the case which would warrant the recovery of any damages by reason of said distress proceeding, and the issue of such damages should not have been submitted to the jury. It is uncertain from the verdict of the jury whether or not damages were awarded the appellee. If damages were awarded him, the verdict and judgment are erroneous, and because they may have been awarded the judgment is reversed.

December 4, 1886.         Reversed and remanded.